Arnold G. Fraiman, J.
Defendant, a youth of 18, was indicted by a Grand Jury on counts of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, and possessing a weapon, dangerous instrument and appliance, all arising out of an incident alleged to have occurred on October 2, 1969. At the same time the indictment ivas handed down, the Grand Jury, as authorized by section 913-g of the Code of Criminal Procedure, recommended that the defendant 1 ‘ be examined and investigated for the purpose of determining whether he is eligible to be adjudged a youthful offender.” Defendant was arraigned before this court on November 25, 1969, at which time defendant’s counsel orally moved for “ a hearing to determine the defendant’s eligibility for Youthful Offender treatment.” The court reserved decision on defendant’s motion, and with defendant’s consent, ordered a prepleading investigation to assist the court in determining ivhether defendant should be afforded youthful offender treatment. Thereafter, at the court’s request, the motion for a hearing was submitted in writing. The People have submitted a brief memorandum in opposition.
Treatment as a youthful offender is a matter of privilege and not of right (Matter of Saunders v. Lupiano, 30 A D 2d 803 [dissenting opn. of McGivern, J.]), and the decision whether to grant or deny such treatment rests in the discretion of the court (e.g., Matter of Tschornyi v. County Court of County of Tompkins, 283 App. Div. 910; People v. Towler, 30 A D 2d 876). Subdivision 3 of section 913-g states as follows: “ 3. If the court, approves the recommendation of the grand jury or the district attorney, or, if the court on its own motion determines that the defendant should be investigated hereunder and the defendant consents to physical and mental examinations, if deemed necessary, and to investigation and questioning, and to trial without a jury, should a trial be had,* the indictment or information shall be held in abeyance and no further action shall be taken in connection with such indictment or information until such examinations, investigation and questioning are had of the defendant.”
Subdivision 4 of the same section then states, in part: “ 4. Upon the termination of such examinations, investigation and questioning, the court shall determine whether such defendant is eligible to be adjudged a youthful offender.”
*314 Normally, in this court’s brief experience, the decision whether to grant nr deny youthful offender treatment to a defendant is based on the court’s review of such Probation Department and other written reports as are made available to it, together with informal consultation with "representatives of the Probation Department and the District Attorney’s office. Insofar as this court has been able to determine, this is the procedure generally followed in this department.
The hearing requested by defendant is not required by the youthful offender provisions of the code, the cases upon which defendant relies, or the due process clause of the Fourteenth Amendment. On the contrary, People v. Towler (30 A D 2d 876), which defendant cites, suggests that although the court’s exercise of discretion in this connection may be reviewed on an appeal from a judgment of conviction, such review does not require that a hearing be held by the trial court. Kent v. United States (383 U. S. 541), upon which defendant relies most heavily for constitutional support, is inapposite. In that case, the Supreme Court ruled that a juvenile was entitled to a hearing, before the Juvenile Court of the District of Columbia “ waived ” jurisdiction over him so that he could be tried as an adult in a criminal court. However, in that case — as distinguished from the present one — the juvenile had a “ statutory right to the 1 exclusive ’ jurisdiction of the Juvenile Court,” (p. 557), so that the waiver of jurisdiction served to divest him of that statutory right. Here, as indicated, defendant has no such £ £ right ” to be treated as a youthful offender. See, also, Matter of Briguglio v. New York State Bd. of Parole (24 N Y 2d 21), where the New York Court of Appeals unanimously ruled that a prospective parolee has no constitutional right to a (p. 24) ££ judicial-type hearing including the right to be represented by counsel, to be presented with a statement of the charges against him, to confront and cross-examine witnesses and to present evidence in his behalf ” in connection with the proceedings of the Parole Board regarding his possible release on parole. The court there stated (p. 26): ££ The privilege [of parole] has no basis in the Constitution, it is purely statutory. £ [Parole] comes as a matter of grace to one convicted of a crime, and may be coupled with such conditions * * * as [the Legislature] may impose ’ (Escoe v. Zerbst [295 U. S. 490], pp. 492-493).” The analogy between parole and youthful offender treatment seems apparent.
In addition to his application for a hearing, defendant also requests in his moving papers that in the event he is found ineligible for youthful offender treatment, the court state for the record its reasons (or ££ findings ”) underlying that deter *315 mination. However, here too there appears to be no basis in the statutory or case law supporting this request. Indeed, the analogy to sentencing — which defendant himself draws in a different context — suggests the contrary. A defendant about to be sentenced has no right to see the Probation Department reports prepared to assist the court (People v. Peace, 18 N Y 2d 230), and, with limited exceptions (see, e.g., Penal Law, § 70.00, subd. 3, par. [b]; People v. Fink, 27 A D 2d 893), there is no requirement that the court state its reasons for the sentence it decides to impose. The consequences to a defendant resulting from the sentence rendered are potentially just as great — if not greater — -as those flowing from the grant or denial of youthful offender treatment. Moreover, it is clear that an excessive sentence may be appealed from as an abuse of discretion, just as denial of youthful offender treatment may also be the subject of an appeal. (Code Crim. Pro., § 543; cf. People v. Gerstenfeld, 14 A D 2d 517 with People v. Towler, 30 A D 2d 876, supra). See generally the majority and dissenting opinions in People v. Corapi (42 Misc 2d 247).
For all of the foregoing reasons, defendant’s motion is in all respects denied.
notwithstanding the disposition of the instant motion, the court sees no reason why a defendant’s counsel should not be permitted, if he so desires, to submit informally to the court any information or material he wishes, relevant to the question of whether the defendant should be afforded youthful offender treatment. Anything that would assist the court in making its determination would undoubtedly be welcome by whoever is presiding in the Youthful Offender Part. However, this in no way is to suggest that such a procedure be mandatory.

 The requirement for waiver of trial by jury has been declared unconstitutional. (Matter of Saunders v. Lupiano, 30 A D 2d 803.)