■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE LEE FENNER, Appellant.—

Latham, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to remand the case to the Criminal Term for further proceedings and to hold the appeal in abeyance in the interim, in accordance with the following memorandum: On July 1, 1969, and prior to defendant's arraignment and interposition of a plea of guilty to the crime of attempted robbery in the third degree, and *after an off-the-record discussion*, the following took place: " MR. PETTINATO [Assistant District Attorney]: After a report and investigation, your Honor, the People respectfully recommend a denial of Youthful Offender treatment. THE COURT: Yes. MR. PETTINATO: This is a robbery in the 1st degree. THE COURT: I'll accept the recommendation of the District Attorney and deny Youthful Offender. Arraign the defendant as an adult." Except for the reference to an " off the record " discussion, the purport of which nowhere appears, it would seem that the sole reason for denial by the Criminal Term of youthful offender treatment was based on the Assistant District Attorney's recommendation, which he made because " this is a robbery in the 1st degree." Defendant, by reason of his age, was eligible for youthful offender consideration (Code Crim. Pro., §§ 913-e, 913-g) and the mere fact that the basic crime charged was a robbery did not preclude such consideration. Being eligible for youthful offender treatment, defendant was entitled to an exercise of the court's — not the Assistant District Attorney's — discretion to grant or deny such treatment after " investigation and questioning " (Code Crim. Pro., § 913-g, subd. 3). This defendant did not receive the " investigation and questioning ", unless they took place during the off-the-record discussion. I would therefore hold the appeal in abeyance and remand the case to the Justice below for a statement by him as to whether his denial of youthful offender treatment to defendant was based on the " off the record " discussion and, if it was, for a statement of the substance thereof so that this court may determine whether his discretion was properly exercised. So far as this record presently discloses, the Justice below merely accepted the recommendation of the Assistant District Attorney without exercising his independent discretion and without any knowledge of the facts in the case or defendant's background. The determination whether or not to grant youthful offender treatment is a most critical one, which should not be made without a sound basis for it appearing in the record (cf. *People v. Towler*, 30 A D 2d 876); a result of such tremendous importance to one before the court should not be reached " without any hearing or statement or reasons " (*Kent v. United States*, 383 U. S. 541, 553).