UNITED STATES ex rel. Mark
FRASIER, Appellant,

v.

J. L. CASSCLES, Superintendent of Great
Meadow Correctional Facility, Appellee.

No. 567, Docket 75–2142.

United States Court of Appeals,
Second Circuit.

Argued Jan. 7, 1976.

Decided Feb. 18, 1976.

Richard G. Ashworth, New York City, for
appellant.

Lillian Z. Cohen, Asst. Atty. Gen., New
York City (Louis J. Lefkowitz, Atty. Gen.,
State of New York, and Samuel A. Hir-
showitz, First Asst. Atty. Gen., New York
City, on the brief), for appellee.

Before ANDERSON, FEINBERG and
MULLIGAN, Circuit Judges.

PER CURIAM:

In 1968, the petitioner Mark Frasier was
convicted in New York County Supreme
Court for robbery in the first degree, as-
sault in the first degree, and possession of a
loaded firearm. Based on his plea of guilty
in 1961 to grand larceny in the second de-

gree, he was sentenced as a second felony offender to concurrent terms of fifteen to sixteen years on the robbery count, two and one-half to ten years on the assault count, and three and one-half to ten years on the firearms count. He is presently serving these sentences.

The district court denied Frasier's application under 28 U.S.C. § 2241 *et seq.* for a writ of habeas corpus seeking to have his 1961 conviction set aside because of claimed due process violations resulting from the state court's denial of his motion in 1961 to be accorded treatment as a youthful offender. Petitioner claims that the denial was

based solely on the nature of the crimes charged (robbery in the first degree, grand larceny in the second degree, and receiving and concealing stolen property).[1] He further asserts that due process required that there be (1) a statutory standard for denying youthful offender treatment to persons who were not charged with capital crimes and thereby expressly excluded by law; (2) a hearing where the accused could contest the grounds for denial; and (3) a statement setting forth the reasons for denying youthful offender status.

■ Under the applicable New York youthful offender statute,[2] however, the

---

1. Petitioner's previous application for habeas corpus was denied by the district court in 1971. This court affirmed in part, but remanded for determination whether the petitioner had exhausted state remedies on the issue presently on appeal. *United States ex rel. Frasier v. Henderson,* 464 F.2d 260 (2 Cir. 1972). The district court found that state remedies had not been exhausted and dismissed the application without prejudice. Thereafter petitioner sought relief on this issue in the Bronx County Supreme Court where, on April 25, 1973, his 1961 sentence was vacated and he was resentenced *nunc pro tunc* to the same terms. Both the Appellate Division, First Department, and the New York Court of Appeals affirmed his 1961 conviction without opinion, *People v. Frasier,* 43 A.D.2d 908, 352 N.Y.S.2d 881 (1st Dept. 1974), and 36 N.Y.2d 655, 365 N.Y.S.2d 847, 325 N.E.2d 164 (1975), respectively.

   On the present appeal, petitioner asserts violations of both the Due Process and Equal Protection Clauses of the Fourteenth Amendment. As the latter claim was not made in the court below, and does not appear to have been brought before the state courts, it will not now be considered because of failure to exhaust state remedies. 28 U.S.C. § 2254(b); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

2. Section 913–g of the N.Y. Code of Crim.Pro., provided in pertinent part, as follows:

   "1. In any case where a grand jury has found an indictment and it shall appear that the defendant is a youth, the grand jury or the district attorney may recommend to the court to which the indictment was returned, or to which the indictment was transferred for disposition, or, the court on its own motion may determine, that the defendant be investigated for the purpose of determining whether he is eligible to be adjudged a youthful offender.

   \*     \*     \*     \*     \*     \*

3. If the court approves the recommendation of the grand jury or the district attorney, or, if the court on its own motion determines that the defendant should be investigated hereunder and the defendant consents to physical and mental examinations, if deemed necessary, and to investigation and questioning, and to a trial without a jury, should a trial be had, the indictment or information shall be held in abeyance and no further action shall be taken in connection with such indictment or information until such examinations, investigation and questioning are had of the defendant.

4. Upon the termination of such examinations, investigation and questioning, the court shall determine whether such defendant is eligible to be adjudged a youthful offender. Should the court determine that the defendant is eligible to be so adjudged, no further action shall be taken on the indictment or information and the defendant shall be required to enter a plea of 'guilty' or 'not guilty' to the charge of being a youthful offender. Should the court determine the defendant ineligible to be so adjudged, it shall order the indictment or information to be unsealed and the defendant shall be prosecuted as though the proceeding hereunder had not been [held]."

   Section 913–e provided the following definitions:

   "For the purpose of this title, the term 'youth' shall mean a minor who has reached the age of sixteen years or over but has not reached the age of nineteen; and the term 'youthful offender' shall mean a youth who has committed a crime not punishable by death or life imprisonment, who has not previously been convicted of a felony, and who is adjudged a youthful offender pursuant to the provisions of the following sections. . . ."

   The current New York Youthful Offender statute is N.Y. Crim.Pro.Law §§ 720.10 *et seq.*

court could, in its discretion, deny youthful offender treatment and the nature of the crime charged could be considered as a determining factor. *People v. Fenner,* 36 A.D.2d 825, 321 N.Y.S.2d 457 (2d Dept. 1971), *aff'd,* 30 N.Y.2d 509, 329 N.Y.S.2d 823, 280 N.E.2d 652 (1972); *People v. Roberts,* 35 A.D.2d 760, 315 N.Y.S.2d 208 (3d Dept. 1970). Furthermore, the state court judge had before him the prosecutor's affidavit, filed in opposition to petitioner's motion, describing the particular facts and circumstances of the alleged crimes.

The granting or denial of youthful offender treatment is analogous to that of sentencing where courts have wide discretion even though there are few or no statutory guidelines for the exercise of such discretion. *Smith v. Follette,* 445 F.2d 955, 960 (2 Cir. 1971); see *United States v. Velazquez,* 482 F.2d 139 (2 Cir. 1973). Once it is determined that the judge has exercised his discretion within statutory limits, appellate review is at an end. *Dorszynski v. United States,* 418 U.S. 424, 431, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *Williams v. Illinois,* 399 U.S. 235, 243, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); *Gore v. United States,* 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Petitioner has shown no abuse of discretion by the state court judge.

In *Dorszynski v. United States, supra,* the United States Supreme Court held that a federal judge, in denying treatment under the Federal Youth Corrections Act,[3] must make the express finding required by that statute, which is that the offender would derive "no benefit" from such treatment; but such a finding need not be supported by a statement of reasons. 418 U.S. at 441–42, 94 S.Ct. 3042. Similarly, petitioner's argument that the state court judge was constitutionally required to specify the reasons for denying youthful offender treatment is rejected.

Petitioner's claim that federal due process required that he be given a full adversary hearing is also without merit. He could have included in the affidavit submitted by his counsel to the state court judge in the first instance any information he wished to bring to the court's attention. There is no significant difference between the New York state program for youthful offender treatment and the discretional Federal Youth Corrections Act sentencing process that the Supreme Court considered in *Dorszynski, supra.* In the latter the Supreme Court approved less than full adversary hearing procedures. New York courts have also previously held that such a hearing was not required under the law of the State. *People v. Fenner, supra; People v. Rogers,* 62 Misc.2d 312, 308 N.Y.S.2d 568 (Sup.Ct., N.Y.Co.1970).

The court expresses its gratitude to petitioner's court-appointed counsel, Richard G. Ashworth, Esq., for his admirable performance of duty as a lawyer in skillfully and conscientiously protecting and advancing the interests of the accused in the state and federal courts throughout a period of more than three years.

Inasmuch as petitioner has failed to show that any of his federal constitutional rights was violated, the judgment of the district court is affirmed.

---

**3.** 18 U.S.C. § 5005 *et seq.* The particular provision at issue was 18 U.S.C. § 5010(d).