**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie Robert ADAMS, Defendant-Appellant.**

**No. 30868.**

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1971.

Rehearing Denied Oct. 28, 1971.

---

Howard Moore, Jr., Peter E. Rindskopf, George L. Howell, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TUTTLE, WISDOM and INGRAHAM, Circuit Judges.

TUTTLE, Circuit Judge:

Appellant was convicted for violation of the Military Selective Service Act of 1967. He was sentenced to five years by Judge Real, sitting by designation.

While appellant held a II–S deferment, he went to his local board and requested a form 150 so that he could make out a conscientious objector's claim. His claim was based on his beliefs in the Islamic religion. The clerk had no such form available and implied that she would send him one. This occurred in May of 1967. His II–S deferment expired in June, 1968, and he was subsequently re-classified I–A in October, 1968. During the interim period he did not make a further request for the form 150 again, nor did he appeal his I–A classification or request a personal appearance. The classification notice indicated that he had a right of appeal. When questioned about this on the stand, he testified that he was unfamiliar with the procedures involved.

Appellant was ordered to be inducted in February, 1969. His induction was postponed because of a physical ailment and when he returned from the induction station he went to his draft board and obtained a form 150. He was told by the clerk of the local board to take the form to the induction station, where he returned on March 6, 1969, and refused induction. The form was never presented by the clerk to the board for its consideration.

Appellant argues that the failure to send the form 150 when he first requested it was reversible error for he was, in effect, deprived of making what, in light of the recent Muhammad Ali decision, Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810, would have been a valid conscientious objector claim. In the alternative, ap-

pellant argues that the failure on the part of the clerk to submit his completed form, albeit it was completed *after* notice of induction, to the board for its consideration demands reversal of his conviction.

Appellant's first claim seems quite hard to justify. As the government points out, he was II–S at the time. This is a *lower* classification than the C–O and thus, even were the board to consider his C–O claim, they would not be able, unless he voluntarily gave up his II–S deferment, to grant him a C–O. More importantly, though, he had over a year to reapply for another form. Further, when he was classified I–A he had an opportunity to request a personal appearance and to appeal the I–A on the grounds that he had not yet been able to make his C–O claim. The gap of over a year seems fatal to this claim.

Adams' second claim is only slightly stronger. Indeed, the government concedes that it was error on the part of the clerk not to have submitted the form 150 to the board. However the government also argues, as the trial court stated at trial, that even if the form had been submitted to the board it could not have acted. Since his beliefs, according to his completed form 150, apparently crystalized in 1967, the fact that he was now asserting them after induction demonstrates that their development was not due to "circumstances beyond his control." And, in any event, the Supreme Court's recent opinion in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, would seem to preclude a C–O claim at this point even if it were apparent that his beliefs crystalized *after* an induction order was issued.

To the extent that a straight five year term for an appellant who, as shown by this record, would have been entitled to a C–O classification, if timely pursued, seems unduly harsh, cf. United States v.

Daniels, 6th Cir. 1971, 446 F.2d 967, we note that Rule 35 F.R.Crim.P. provides that: "The [trial] court may reduce a sentence * * * within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment." 

We find no error that would warrant a reversal of the conviction. The judgment is affirmed.