**UNITED STATES of America,
Appellee,**

v.

**Alan Louis SIDELLA, Appellant.**

**No. 72-1636.**

United States Court of Appeals,
Fourth Circuit.

Nov. 27, 1972.

---

**1080**

---

Paul Crider, Jr., Hampton, Va., on brief for appellant.

Brian P. Gettings, U. S. Atty., and Roger T. Williams, Asst. U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Senior Circuit Judges.

**PER CURIAM:**

On April 21, 1972, the appellant, Alan Louis Sidella, was convicted of unlawful possession of a controlled substance in violation of 21 U.S.C. § 844.[1] He was sentenced to one year imprisonment. A co-defendant, David Balanda, was tried and found guilty of a similar charge, but was not imprisoned. Instead, he was placed on probation for one year as permitted by 21 U.S.C. § 844(b). Sidella

---

1. § 844. Penalty for simple possession; conditional discharge and expunging of records for the first offense.

(a) It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter. Any person who violates this subsection shall be sentenced to a term of imprisonment of not more than one year, a fine of not more than $5,000, or both, except that if he commits such offense after a prior conviction or convictions under this subsection have become final, he shall be sentenced to a term of imprisonment of not more than

2 years, a fine of not more than $10,-000, or both.

(b) (1) If any person who has not previously been convicted of violating subsection (a) of this section, any other provision of this subchapter or subchapter II of this chapter, or any other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, is found guilty of a violation of subsection (a) of this section after trial or upon a plea of guilty, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him on probation upon such reasonable conditions as it may require and for such period, not to exceed one year, as the court may prescribe.

now contends that the one year sentence imposed on him was excessive in view of the fact that his co-defendant received a lesser penalty.

It was brought out during the sentencing proceedings that Sidella had been convicted in New Jersey of violating that state's marijuana possession laws. The effects of this conviction on Sidella's sentence were discussed by the Court and counsel, but no definitive conclusion was reached. The trial judge stated: "[W]hether they mean [prior convictions in] the state court or federal courts, I don't know." (Tr–96).

The trial judge was certainly aware, however of the sentencing alternatives of 21 U.S.C. § 844(b). In sentencing co-defendant, Balanda, the Court stated: "You have no prior record in dealing with or possessing any such product as this. The Court has the power under the law not to find a judgment against you, but to release you on probation for a period of a year." (Tr–106). When similar treatment was requested for Sidella, however, the Court again expressed concern over his prior conviction and denied probation.

Since the one year sentence imposed on Sidella was within the statutory maximum for a first offender, the trial court did not openly exceed its discretion. Nor does § 844(b) mandate probation for first offenders. It merely places such disposition in the discretion of the trial judge.

█ The fact that Sidella's co-defendant, Balanda, was placed on probation, thus receiving more lenient treatment than Sidella, is not a clear abuse of discretion requiring the intervention of this Court. United States v. King, 420 F.2d 946 (4th Cir. 1970); United States v. Melendez, 355 F.2d 914 (7th Cir. 1966). Differences in backgrounds and records well may warrant that kind of disparity.

█ However, if the trial judge concluded that Sidella's prior conviction pre-

cluded probation under § 844(b), he misread the statute. We read the statute to preclude probation only if there has been a prior federal conviction under that and related sections.

█ Since it is unclear from the record whether the trial judge imposed an active sentence on Sidella 'in a proper exercise of his discretion or because he thought the statute, because of the state court conviction, deprived him of a discretionary power to put him on probation, the sentence is vacated and this action remanded for clarification and resentencing.

Vacated and Remanded.