**UNITED STATES of America,**
**Appellee,**

v.

**Gloria VELAZQUEZ, a/k/a Gloria**
**Velazquez Levron, Appellant.**

**No. 1025, Docket 73–1401.**

United States Court of Appeals,
Second Circuit.

Argued June 18, 1973.

Decided July 11, 1973.

Phylis Skloot Bamberger, New York City (The Legal Aid Society, Robert Kasanof, New York City, William Epstein, on the brief), for appellant.

Eugene F. Bannigan, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., S. D. N. Y., John D. Gordan, III, Asst. U. S. Atty., on the brief), for appellee.

Before FRIENDLY, FEINBERG and MANSFIELD, Circuit Judges.

FEINBERG, Circuit Judge:

Gloria Velazquez appeals from an order denying her motion to reduce an 18-month sentence imposed by Charles H. Tenney, J., after her guilty plea in the United States District Court for the Southern District of New York to three of 23 counts charging her with possession, in violation of 18 U.S.C. § 1708, of New York Department of Social Service welfare checks stolen from the mail. Appellant argues that because her sentence was imposed without any substantive or procedural standards she was denied due process, and that, in any event, the sentence was excessive. For reasons set forth below, we affirm.

Because this appeal is concerned solely with appellant's punishment, it is not necessary to describe her crimes in great detail. Briefly, appellant participated in a scheme organized by a man named Rivera, who would steal welfare checks and deliver them to her. She would then sign and cash the checks, for which she received part of the proceeds. In a confession which the court refused to suppress,[1] appellant admitted that in the ten months prior to her arrest, she had cashed about 50 checks received from Rivera, for which he had paid her $25–$35 per check. Also participating in the scheme was appellant's sister, who pleaded guilty to the same offense and was sentenced by Judge Tenney.

When appellant was sentenced, her counsel brought to the attention of the court her youth (age 22), her educational deficiencies,[2] the disabling illness of her unemployed husband, the presence of two small children, and the poverty in which the family lived. No request was made to see the pre-sentence report. The judge stated that he was "aware of the circumstances of this case" but noted that "it has been indicated to me by probation that Mr. Velazquez will take care of these children." The judge also noted that he had already sentenced appellant's sister, that defendant was "certainly equally . . . guilty in many respects," but that he would "impose a slightly lesser sentence" upon appellant than her sister had received. The 18-

---

1. Judge Tenney denied a motion to suppress in November 1972. Appellant entered her guilty plea the same day.

2. According to counsel, appellant went to school in Puerto Rico only to the sixth grade.

month sentence carried out this intention.[3] Thereafter, a motion under Fed.R.Crim.P. 35 to reduce sentence was brought, which expanded somewhat on the grim picture of defendant's background and life, and added the information that she was now pregnant. Judge Tenney denied the motion in a memorandum opinion, stating that the only fact not previously brought to his attention was the pregnancy;[4] as to that, he noted, the Federal Reformatory for Women in Alderson, West Virginia, where defendant was incarcerated, had adequate facilities, and, in any event, the probability was that by the expected time of birth, defendant would be out on parole. Defendant appeals from the denial of that motion.

The principal focus of defendant's appeal is on the alleged arbitrariness of the system of sentencing employed in the federal district courts. Asserting that there is a complete absence of standards—either procedural or substantive—to guide the sentencing judge, she argues that this lack of established norms denies a criminal defendant due process. To meet this situation, appellant urges, we should establish the substantive criterion "that the penalty be the least restrictive alternative consistent with the goals of punishment,"[5] and the procedural requirement that the sentencing judge state on the record the reasons for his decision.

The present system of sentencing has come under frequent and sometimes telling criticism, e. g., M. Frankel, Criminal Sentences: Law Without Order 3–49 (1973); The President's Comm'n on Law Enforcement and Administration of Justice, Task Force Report: The Courts 23–25 (1967); and proposals for legislative or administrative reform are currently under study in a number of arenas.[6] Whether action by such bodies is not preferable to judicial fiat as a method of accomplishing desirable changes and what such changes should be are large questions indeed. But we are convinced, in any event, that the sentence imposed did not violate any constitutional right of the defendant and that this case would be a most inappropriate vehicle for judicial creativity with respect to review of sentence. In the course of the scheme in which defendant was involved, she handled a substantial number of stolen checks, from which she profited handsomely, and the immediate effect of these thefts was to deprive needy welfare recipients of their presumably much-needed allotments. Even appellant seems to concede that deterrence may be a proper goal of punishment, and the seriousness of her crime indicates that probation, suggested by appellant as the appropriate sanction, cf. ABA Project on Standards for Criminal Justice, Standards Relating to Probation § 1.-3(a) & Commentary (Approved Draft), would have virtually no general deterrent effect. Moreover, the sentence imposed on appellant was substantially less than the statutory maximum [7] and lighter than that received by her sister in

---

3. Appellant's sister was sentenced to two years in prison.

4. An additional new matter raised in the motion but not discussed in Judge Tenny's opinion was Mr. Velazquez's inability, because of his illness, to care for the children, who had therefore been placed with relatives.

5. Appellant's brief at 10–10A; see ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 2.2 (Approved Draft); Furman v. Georgia, 408 U.S. 238, 279, 92 S.Ct. 2726, 33 L.Ed. 2d 346 (1972) (Brennan, J., concurring).

6. See, e. g., S. 716, 93d Cong., 1st Sess. (1973) (appellate review of sentences); Proposed Amendment to Fed.R.Crim.P. 35 (3-judge district court panel to review sentences); U.S. Courts Acting to End Disparity in Prison Terms, N.Y. Times, July 5, 1973, at 1, col. 8 (Second Circuit committee to study and recommend new sentencing procedures).

7. 18 U.S.C. § 1708 authorizes imprisonment for as long as five years and a maximum fine of $2,000 on each of the three counts to which appellant pleaded guilty.

spite of the fact that the judge characterized appellant as "equally . . . guilty in many respects." We also note that appellant did not request from Judge Tenney either an explanation of his reasons for imposing the 18-month sentence or disclosure of the pre-sentence report. If she desired to lay the foundation for an argument on appeal that the sentence was unreasonable or unreasoned, clearly these two sources of information were of crucial relevance. In sum, we surely are not prepared to say that all sentences imposed under the present system are unconstitutional—an argument, incidentally, unsupported by any decisional authority and not even presented to the district court—and defendant has not established that the particular sentence imposed on her is so irrational as to amount to a denial of due process.

■ With regard to the suggested requirement that the sentencing judge specify the reasons for his sentence, we have already noted that defendant did not request this of Judge Tenney. It is clear from the colloquy at sentencing and from the judge's written opinion on the Rule 35 motion that the 18-month term was imposed with full awareness of appellant's circumstances; moreover, appellant does not suggest, and there is no basis in the record for assuming, that Judge Tenney relied upon improper criteria in imposing sentence. In any event, this court has only recently reaffirmed its reluctance, in light of existing contrary case law, to require formally that district judges explain their sentencing decisions on the record. United States v. Brown, 479 F.2d 1170 (2d Cir. 1973). Nonetheless, we stated in *Brown* and we now reiterate our firm belief that a statement of reasons by the sentencing judge would be a most salutary practice,[8] even in the absence of a right to review of sentences whether by an appellate court or a panel of district judges. See, e. g., M. Frankel, supra, at

39–44; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences § 2.3(c) & Commentary e (Approved Draft). Such a procedure would encourage the judge to clarify and justify, in his own mind, the grounds for the sentence he chooses. As a result, sentencing decisions would tend, on the whole, to be more carefully thought out. In addition, disclosure of the reasoning underlying a sentence aids both the defendant and a reviewing court in ascertaining whether the sentence has been based upon improper criteria or erroneous information. The judge's evaluation of the defendant may also provide some guidance to the correctional authorities in their handling of the prisoner following sentencing. Finally, publicizing the reasoned basis of a sentence may enhance its legitimacy as perceived by the general public and, hopefully, by the defendant.

■ Appellant's final argument is that the sentence imposed was excessive and for that reason should be reviewed. We are bound by prior case law to the rule that, absent reliance on improper considerations, see United States v. Mitchell, 392 F.2d 214, 217 (2d Cir. 1968) (Kaufman, J., concurring), or materially incorrect information, see United States v. Malcolm, 432 F.2d 809, 816 (2d Cir. 1970), a sentence within statutory limits is not reviewable. See, e. g., United States v. Brown, supra, 479 F.2d at 1170; United States v. McCord, 466 F.2d 17, 18–19 (2d Cir. 1972); United States v. Dzialak, 441 F.2d 212, 218 (2d Cir.), cert. denied, 404 U.S. 883, 92 S.Ct. 218, 30 L.Ed.2d 165 (1971). As already noted, there is no suggestion here that Judge Tenney imposed the 18-month term for inappropriate reasons or that he in any way misunderstood appellant's situation. Since the punishment was well within the statutory limits, see note 7 supra, it is not subject to review.

Affirmed.

---

8. There may be some cases in which disclosure, either to the public or to the defendant, is inadvisable. See, e. g., M.

Frankel, supra, at 30–31. In such rare cases, the judge could still include a sealed statement of reasons in the record.