**UNITED STATES of America,**
**Appellee,**

v.

**Bernard R. BOWSER, Appellant.**

**No. 73-2033.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 4, 1974.

Decided April 29, 1974.

Certiorari Denied Oct. 15, 1974.
See 95 S.Ct. 105.

Robert Wells, Third Year Law Student (George K. Walker [Court-appointed counsel] Asst. Professor of 'Law, Winston-Salem, N. C., David L. Hill, Third Year Law Student, on brief), for appellant.

Michael A. Rhine, Asst. U. S. Atty., (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and RUSSELL, Circuit Judges.

CRAVEN, Circuit Judge:

It has been said that the United States is the only civilized country in the world that permits one judge to exercise unbridled discretion, not subject to review, as to the extent and duration of punishment.[1] Whether or not that is true, it is settled, despite mounting criticism of the rule, that judges of the United States Courts of Appeals lack the power to review and revise sentences—[2]

1. A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences, approved by the A.B.A. House of Delegates in February 1968, 1–2. *See* M. Frankel, Criminal Sentences 75–85 (1972); Zumwalt, The Anarchy of Sentencing in the Federal Courts, 57 Judicature 96 (1973).

2. Gore v. United States, 357 U.S. 386, 78 S. Ct. 1280, 2 L.Ed.2d 1405 (1958), Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See* Note, Appellate Review of Sentences and the Need for a Reviewable Record, 1973 Duke L.J. 1357, for the suggestion that the rule against appellate review is of dubious origin and has been

absent exceptional circumstances. United States v. Godel, 361 F.2d 21 (4th Cir.), cert. denied, 385 U.S. 838, 87 S.Ct. 87, 17 L.Ed.2d 72 (1966); United States v. Pruit, 341 F.2d 700 (4th Cir. 1965); United States v. Martell, 335 F.2d 764 (4th Cir. 1964).

■ Appellant Bowser is the apparent victim of disparity in punishment. Bowser was convicted by a jury after a trial conducted by a district judge assigned from outside the circuit. He was then sentenced by a judge of the Eastern District of Virginia who knew nothing of the trial or of the circumstances of the bank robbery except what he may have learned from the preliminary hearing, the sentencing hearing, and the presentence report.[2a] The circumstances of the robbery may be described as typical: although a gun was used to threaten the employees, it was not discharged, and no personal injury resulted. The sentence determined upon was nevertheless the maximum 25 years permitted by the statute.

On the day after we heard the appeal in this case, we heard appeals from the same district in United States v. Holley, 502 F.2d 273 (4th Cir. 1974), and United States v. Johnson, 495 F.2d 377 (4th Cir. 1974). Holley shot at a bank employee and subsequently threatened to blow his head off. After terrorizing the rest of the employees, he tied them up, made them lie face down in the vault of the bank, and locked them in it. Despite the higher degree of violence and danger to others in the *Holley* case as compared with this case, another judge of the Eastern District of Virginia sentenced Holley to a term of 20 years. Johnson, too, received a 20-year sentence from yet another district judge in the Eastern District of Virginia although it was his *second* conviction for bank robbery. It is perplexing that in the *same* district[3] another more violent bank robber and a second offender are treated more leniently than Bowser.

■ Where the sentencing judge is not the trial judge and has no special knowledge of the case, and where such a judge imposes the maximum sentence despite no aggravating circumstances, the question arises whether there has been an actual exercise of discretion. Under such circumstances a statement of reasons for the sentencing decision would seem to be highly appropriate.[4]

---

justifiably eroded. In 1967 the Senate passed a bill providing for appellate review of sentencing [S.1540, 90th Cong., 1st Sess. (1967)], and a similar bill is again pending in the Senate. S.716, 93d Cong., 1st Sess. (1973).

**2a.** In a supplemental brief, Professor Walker calls our attention to the possibility that the sentencing judge may have actually confused Bowser's role in the robbery with that of another culprit. It is urged that the transcript (which had not been typed at time of sentencing) and the exhibits show that Bowser's participation consisted of putting money into a sack and that, although armed, he did not even point a gun at a bank employee, as did others. It is suggested, and we agree, that the presentence report proffered the sentencing judge could have been read to mean that Bowser personally assaulted the tellers and put the life of one in jeopardy.

Although Fed.R.Crim.P. 25(b) permits sentencing by a judge who did not try the case, the better practice, of course, is for the judge who presided at trial to impose sentence. United States v. Bakewell, 430 F.2d 721, 722 (5th Cir.), cert. denied, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970). Where there are questions of fact as to degree and extent of culpability in participating in the substantive crime, it would seem essential that the sentencing judge should await preparation of the transcript and review it before imposing sentence. *Cf.* Carbo v. United States, 314 F.2d 718, 749–750 (9th Cir. 1963), cert. denied, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964).

**3.** It has been determined that the courts of the Eastern District of Virginia are "consistently more severe than any other Fourth Circuit court averaging offense by offense a full year above the standard Circuit sentence." Zumwalt, The Anarchy of Sentencing in the Federal Courts, 57 Judicature 96 (1973).

**4.** *See* Note, Appellate Review of Sentences and the Need for a Reviewable Record, 1973 Duke L.J. 1357, 1374–76; *cf.* United States v. Kaylor (Appeal of Hopkins), 491 F.2d 1133 (2d Cir. 1974) (en banc). Professor

Although we may not review the sentence itself, we are empowered to "scrutinze a sentence to ascertain whether there has indeed been an exercise of discretion." United States v. Wilson, 450 F.2d 495, 498 (4th Cir. 1971). We vacate[5] to afford the district court the opportunity to resentence Bowser. The district court, in the exercise of its discretion, will be free to reimpose the same sentence or impose a lesser one, as he may think just and proper—for the final sentencing decision is his and not ours. Since Bowser must be resentenced, we do not reach the question urged upon us by counsel as to whether or not the sentencing procedure was flawed by reliance upon invalid prior convictions.

We have carefully considered the other assignments of error and find them without merit.

Vacated and remanded.

DONALD RUSSELL, Circuit Judge (concurring specially):

In the unique circumstances of this case, in which the sentencing judge was not the trial judge, where the record available to the sentencing judge on the defendant's participation in the crime was scanty, and where the sentence imposed was the maximum, it would no doubt be sound practice for the sentencing court to indicate the basis for its sentence and for that reason I concur in the remand of this case, in order to insure that the sentencing court has before it an adequate record on which to exercise its discretionary power of sentencing.

---

Davis has also urged that the sentencing process include a statement of reasons:

> 10. *Sentencing.* The power of judges to sentence criminal defendants is one of the best examples of unstructured discretionary power that can and should be structured. The degree of disparity from one judge to another is widely regarded as a disgrace to the legal system. All the elements of structuring are needed—open plans, policy statements and rules, findings and reasons, and open precedents.

K. Davis, Discretionary Justice: A Preliminary Inquiry 133 (1969).

5. *Cf.* United States v. Powell, 487 F.2d 325 (4th Cir., decided November 14, 1973) ("failure of the record to support material factors on which the severity of the punishment rested"); United States v. Stumpf, 476 F.2d 945 (4th Cir. 1973) (discovery of evidence of defendant's psychiatric difficulties after sentencing); United States v. Sidella, 469 F.2d 1079 (4th Cir. 1972) (possible misreading of 21 U.S.C. § 844(b) involving the availability of probation); United States v. Wilson, 450 F.2d 495 (4th Cir. 1971) (failure to consider alternative sentencing under the Youth Corrections Act).

The trend of cases in other circuits has been in this direction. Woosley v. United States, 478 F.2d 139 (8th Cir. 1973); United States v. Daniels, 446 F.2d 967 (6th Cir. 1971) (en banc). *See* United States v. Hartford, 489 F.2d 652 (5th Cir. 1974); United States v. Baker, 487 F.2d 360 (2d Cir. 1973) (Lumbard, dissenting). *See also* United States v. Thompson, 483 F.2d 527 (3d Cir. 1973); United States v. Townsend, 478 F.2d 1072 (3d Cir. 1973); United States v. Walker, 469 F.2d 1377 (1st Cir. 1972), cert. denied, 410 U.S. 989, 93 S. Ct. 1501, 36 L.Ed.2d 188 (1973); United States v. Adams, 449 F.2d 122 (5th Cir. 1971). *But see* United States v. Velazquez, 482 F.2d 139 (2d Cir. 1973).