**Johnny Mack THACKER, Petitioner,**

v.

**Mr. Sam P. GARRISON, Warden, Central Prison, and the State of North Carolina, Respondents.**

No. C–C–76–266.

United States District Court, W. D. North Carolina, Charlotte Division.

Feb. 10, 1978.

Johnny Mack Thacker, pro se.

Richard N. League, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N. C., for respondents.

## MEMORANDUM OF DECISION

McMILLAN, District Judge.

Johnny Mack Thacker, petitioner, was tried in Mecklenburg County, North Carolina, Superior Court in February, 1969, on charges of safecracking, in violation of N.C. G.S. § 14–89.1. The jury found him guilty, and he was sentenced by the presiding judge, the late Judge B. T. Falls, to serve 48 to 50 years in the state prison.

Thacker seeks relief *via* habeas corpus upon the grounds that his sentence of 48 to 50 years is cruel and unusual punishment and is unconstitutionally excessive. He has exhausted state remedies.

The evidence presented at the trial tended to show that Thacker broke into the unoccupied office of a plant nursery on a Sunday morning while the nursery was closed. He entered by removing a window air conditioning unit and climbing in the window. Once inside he turned over the safe which was approximately six feet tall, used some nursery tools that were stored in the office, primarily an axe and a sledge hammer, to pry off the door to the safe, and stole the money (less than $10.00) which was in the safe. There was no evidence that Thacker was armed or had any burglar's tools or explosives when he entered the building.

After the jury returned its verdict, the trial judge inquired about Thacker's past criminal record and tried to get him to say who was with him at the time of the crime. Thacker continued to deny that he had committed the offense and refused to name his accomplice (if there was one). Thacker's past record was reviewed; it shows convictions for breaking and entering and larceny, housebreaking and larceny, loafing and loitering, and armed robbery, and an escape while he was serving the armed robbery sentence.

After the brief exchange with Thacker, the judge sentenced him to forty-eight to fifty years in the state prison in Raleigh. (A transcript of the sentencing proceeding is attached as Appendix B.) He has served nine years of that sentence.

At the time Thacker was sentenced, N.C. G.S. § 14–89.1 provided a sentence of from ten years to life in the discretion of the trial judge for the "use of explosives, drills, or other tools [to] unlawfully force open or attempt to force open or 'pick' the combination of a safe or vault used for storing money or other valuables . . . ."

The sentence was within the statutory maximum. This, however, does not end the inquiry. The question is whether the sentence is so disproportionate to the seriousness of the underlying offense and so grossly excessive that it amounts to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *Hart v. Coiner*, 483 F.2d 136 (4th Cir. 1973).

The factors to be considered in determining whether the sentence is excessive are the nature of the offense, the legislative purpose behind the statutorily permissible punishment, the kind of punishment other jurisdictions impose for the same crime, and the comparative punishment in the same jurisdiction for other offenses. *Hart v. Coiner, supra*, at 140–142.

(a) *The nature of the offense.*—The respondents, in their "Answer to Petition and Motion to Dismiss," justify the lengthy sentence because of the nature of the crime. They say, "It is one which requires expertise, and therefore is usually committed by professional criminals. It is, of course, always a crime of premeditation. Usually it is accompanied by a number of other crimes under state law such as possession of burglary tools, breaking and entering and larceny, or by such federal crimes as the illegal possession of explosives." Id. at p. 3.

■ In examining the length of a sentence, it is not enough merely to look at how the crime is "usually committed" or to examine the elements of the crime. The facts and circumstances of the particular case must be considered. See *United States v. Bowser*, 497 F.2d 1017 (4th Cir.), *cert. denied* 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974). It is especially important to consider the amount of violence or threat of danger to people. See *Hart v. Coiner, supra*.

In this case, the threat of danger to people was extremely small. Thacker broke into an empty business office while the business was closed. He was unarmed. He used no explosives or incendiary devices or drills to open the safe. He threatened no one personally and was not a physical threat to the safety of passers-by or neighbors.

(b) *The legislative purpose for the statutorily permissible punishment.*—There is no legislative history of N.C.G.S. § 14–89.1, nor has any North Carolina case law been located, that articulates the reason why the North Carolina legislature authorized a life sentence for safecracking.

Reasons can perhaps be inferred from the above-quoted passage from respondents' motion to dismiss. Safecracking is sometimes accompanied by the use of dangerous explosives and is often a sophisticated crime committed by professional safecrackers. This inference is supported by the Committee Comment to the Ohio Revised Code § 2911.31 which makes safecracking a felony punishable by not more than ten years. The Committee stated:

"Safecracking is viewed as a moderately serious offense, first because it usually involves a burglary or breaking and entering which is difficult to prove, and second because it requires some skill and practice, which suggests that cracksmen can be considered 'professional' criminals."

The reasons for allowing an unusually long sentence for safecracking do not, however, apply to this case. From the manner in which the crime was committed (using only manual force and tools found on the premises), it is apparent that Thacker is not a professional safecracker. He had no special tools nor skills nor safecracking devices. If anything, his past record shows he is a professional at breaking and entering, a crime which if it is done with intent to commit larceny carries a maximum penalty of ten years. N.C.G.S. §§ 14–54 and 14–2.

Thus, no legislative purpose is fulfilled by imposing a sentence on Thacker of 48 to 50 years.

(c) *Punishment imposed in other jurisdictions for the same crime.*—Statutes of other states have been reviewed, and a summary is attached. [see APPENDIX A] Other states that have statutes that define "safecracking" to include opening a safe by mechanical means as well as by use of explosives and torches, including statutes repealed since petitioner's conviction, include

three states which have statutory maximum penalties of ten years or less, four which have statutory maximum penalties of twenty-one years or less, two which have maximum penalties of life imprisonment, and one state which has a minimum penalty of five years with no maximum.

Of states with no safecracking statute or with safecracking statutes that have been repealed since 1969, seventeen have maximum sentences of ten years or less for breaking and entering of the type that took place in this case, and ten more have sentences of twenty years or less.

Thus in only three states could Thacker have gotten as long a sentence as he did in North Carolina. Those states are Arizona, which has a five-year minimum, Arizona Revised Statutes § 13–303; Michigan, which has a permissible life sentence, Michigan Statutes Annotated § 28.799 [M.C.L.A. § 750.531]; and South Carolina, which mandates a life sentence unless a jury recommends mercy, South Carolina Code § 16–337.

In each of these three states, it is *possible* but not certain that Thacker would have gotten as long a sentence as he did in North Carolina.

The survey of the statutes of other states (including four repealed since 1969) further shows that in states in which safecracking is limited to situations in which explosives or incendiaries are used, three states have maximum penalties of twenty years or less, two have penalties of thirty years or less, seven have penalties of forty years or less, two have penalties of fifty years or less, and two would allow sentences of life imprisonment.

In states in which safecracking with the use of explosives would fall under a statute for breaking and entering while armed with a deadly weapon or with explosives, three have a statutory maximum of ten years or less, five have maximums of twenty years or less, two have maximums of twenty-five years, two have maximums of forty years, one has a maximum of fifty years and four have maximum sentences of life imprisonment.

Thus, the factors that cause legislatures to allow sentences between thirty years and life, as opposed to ten or twenty years, are the use of explosives or other professional devices and entry armed with a deadly weapon. None of these exacerbating circumstances which have led legislatures to allow very long sentences are present in this case.

(d) *Punishment for other offenses committed in North Carolina.*—A compelling consideration in determining whether the 48–50–year sentence was unconstitutionally excessive is that although the statutory maximum for safecracking was life imprisonment when Thacker was convicted in 1969, the statute was amended in 1973 to provide for a sentence of from two to thirty years! N.C.G.S. § 14–89.1 (1975 Supp.). Thus the evolving standard of decency as recognized by the North Carolina legislature is that even professional safecrackers should not be given a 48-year sentence! The legislature also realized that there could be circumstances in which a two-year sentence would be sufficient!

Another important consideration is that if Thacker had been convicted of breaking and entering and larceny and given the maximum in consecutive sentences his sentence would have been only twenty years. N.C.G.S. §§ 14–54, 14–70 and 14–2. The sentencing judge was rightfully concerned with Thacker's history of breaking and entering, but to impose an additional thirty years because Thacker stole money from a safe rather than from a desk drawer or a cookie jar is capricious. See *Coker v. Georgia*, 433 U.S. 584, 599, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977) (In holding the death penalty unconstitutionally excessive punishment for rape, the Court noted that Coker's prior convictions for rape, murder, and kidnapping "do not change the fact that the instant crime being punished is rape not involving the taking of a life."); *Carmona v. Ward*, 436 F.Supp. 1153, 1169 (S.D.N.Y. 1977) (Punishments of four years to life and six years to life for the sale of cocaine and for possession of more than one ounce of cocaine respectively were held to violate the Eighth Amendment. In rejecting the contention that a life sentence could be justified because narcotic offenses often lead addicts to commit other crimes to support their habits, Judge Motley said "it is necessary to judge the proportionality of the punishment with relation to the *actual* offense committed.").

Comparing this sentence for a relatively non-violent crime with other statutory maximums in North Carolina points out its disproportionality. Other crimes which are much more threatening to the safety of persons and which have lesser maximum sentences include assault with intent to commit rape, 15 years, N.C.G.S. § 14–22; assault with a deadly weapon with intent to kill inflicting serious bodily injury, 20 years, N.C.G.S. § 14–32 (The maximum sentence was 10 years prior to the 1973 amendment.); arson of uninhabited buildings, 30 years, N.C.G.S. § 14–62 (The maximum sentence was 40 years prior to the 1971 amendment.); and maliciously throwing corrosive acid with intent to kill or maim, inflicting serious bodily injury, 10 years, N.C.G.S. § 14–30.1.

Other crimes to property which carry lesser maximum sentences include breaking into a coin-operated machine, 2 years, N.C.G.S. §§ 14–56.1 and 14–3(a), and train robbery, 20 years, N.C.G.S. § 14–88.

Can it be said that breaking, unarmed, into an unoccupied building and breaking the door off a safe with tools found in the building warrants a sentence over twice as long as assault with a deadly weapon with intent to kill, over twice as long as the maximum for train robbery, and over twenty times as long as breaking into a coin-operated machine? I think not. See *Coker v. Georgia, supra*, at 600, 97 S.Ct. at 2870 (The Court rejected the notion that "rape, with or without aggravating circumstances should be punished more heavily than the deliberate killer, as long as the rapist does not himself take the life of his victim."); *Roberts v. Collins*, 544 F.2d 168 (4th Cir. 1976) (per curiam); *Davis v. Zahradnick*, 432 F.Supp. 444 (W.D.Va. 1977) (In holding unconstitutional two consecutive 20-year

sentences for possession with intent to distribute and distribution of less than nine ounces of marijuana, it was noted that for distribution, the Virginia legislature did not differentiate between marijuana and heroin.).

■ I do not hold that a sentence of 48 to 50 years for safecracking would be so grossly excessive in all circumstances that the statute is unconstitutional on its face. I only conclude that on the facts of this case, in which the petitioner's record is for breaking and entering, not safecracking, and in which no professional devices or instruments that endanger the safety of the public were used, a sentence of 48 to 50 years does not further the legislative intent. Since it is also grossly disproportionate to the possible sentence for the same crime in most other states and to the possible sentence for other similar or more heinous crimes in North Carolina, it constitutes cruel and unusual punishment in violation of the United States Constitution.

IT IS THEREFORE ORDERED that petitioner's application for a writ of habeas corpus is granted. Respondents are directed to re-sentence petitioner or release him from custody, and to report the action taken by March 15, 1978.

## APPENDIX A

## SUMMARY OF STATUTES FROM STATES OTHER THAN NORTH CAROLINA

### I.

#### STATUTES FOR SAFECRACKING WHILE USING MECHANICAL MEANS, EXPLOSIVES (dynamite) OR TORCHES (acetylene, electrical).

| | |
|---|---|
| Arizona Rev.Stat. Sec. 13–303 (1956) | No maximum; minimum 5 years. |
| Colorado Rev.Stat. Sec. 18–4–204 (1973) | Maximum 5 years; no minimum. |
| Massachusetts Ann.Laws Ch. 266 Sec. 16 (Supp.1976) | Maximum 20 years; no minimum. |
| Michigan Stat.Ann. Sec. 28.799 [M.C.L.A. Sec. 750.531] (1962) | Maximum life imprisonment; no minimum. |
| Minnesota Stat.Ann. Sec. 609.58 (1964) | Maximum 20 years; no minimum. |
| Ohio Rev.Code Ann. Secs. 2911.31, 2929.11 (1975) | 1 to 10 years. |
| South Carolina Code Sec. 16–337 (1962) | Life imprisonment, or if jury recommends mercy, not less than 10 years. |
| Tennessee Code Ann. Sec. 39–904 (1975) | 3 to 21 years (minimum of 10 years if armed with a firearm). |
| Indiana Code Sec. 35–1–61–1 (*repealed* since 1975) | 5 to 10 years. |
| Kentucky Rev.Stat. Vol. 16 Sec. 433.130 (1973) (*repealed* 1975) | 2 to 20 years. |

### II.

#### STATUTES THAT WOULD APPLY TO THACKER'S CRIME FOR JURISDICTIONS THAT DO NOT HAVE AN APPLICABLE SAFECRACKING STATUTE.

| | |
|---|---|
| Alabama Code Tit. 14 Sec. 86 (1959) | 1 to 10 years. |
| Alaska Stat. Sec. 11.20.100 (1970) | 2 to 5 years. |
| Arkansas Ann.Stat. Secs. 41–901, 41–2002 (1976) | 3 to 20 years. |
| District of Columbia Sec. 22–1801(b) | 2 to 15 years. |
| Georgia Code Ann. Sec. 26–1601 (1972) | 1 to 20 years. |
| Illinois Ann.Stat. Ch. 38 Sec. 1005–8–1 (Supp.1976) | 1 to 20 years. |
| Kansas Stat.Ann. Sec. 21–3715 (1974) | 1 to 10 years. |
| Louisiana Rev.Stat. Sec. 14:62 (1974) | Maximum 9 years; no minimum. |

| | |
|---|---|
| Maryland Code Ann. Art. 27 Sec. 33 (1976) | Maximum 10 years; no minimum. |
| Missouri Stat.Ann. Secs. 560.070, 560.095 | 2 to 10 years. |
| Montana Rev.Code Sec. 94–6–204 (1969) | Maximum 10 years; no minimum. |
| New Hampshire Rev.Stat.Ann. Secs. 635:1, 651:2 (1974) | Maximum 7 years; no minimum. |
| New Mexico Stat.Ann. Secs. 40A–16–4, 40A–29–3 (1972) | 1 to 5 years. |
| New York Consol.Laws Ann. Penal Law Secs. 140.25, 70.00 (1975) | Maximum 7 years; no minimum. |
| North Dakota Century Code Secs. 12.1–22–02, 12.1–32–01 (1976) | Maximum 5 years; no minimum. |
| Oregon Rev.Stat. Secs. 164.225, 161.605 (1975) | Maximum 5 years; no minimum. |
| Pennsylvania Stat.Ann. Tit. 18 Secs. 3502, 1103 (1973) | Maximum 20 years; no minimum. |
| Rhode Island Gen.Laws Secs. 11–8–1, 11–8–4 (1970) | Maximum 10 years; no minimum. |
| South Dakota Compiled Laws Secs. 22–32–6, 22–32–7 (Supp. 1976) | Maximum 15 years; no minimum. |
| Texas Penal Code Ann. Secs. 30.02, 12.32 (1974) | 2 to 20 years. |
| Utah Code Ann. Secs. 76–6–202, 76–3–203 (1953) | Maximum 5 years; no minimum. |
| Vermont Stat.Ann. Tit. 13 Sec. 1201 (1974) | Maximum 15 years; no minimum. |
| Virginia Code Secs. 18.2–10, 18.2–91 (1975) | Maximum 20 years; no minimum. |
| Washington Rev.Code Ann. Secs. 9A.52.030, 9A.20.020 (1976) | Maximum 10 years; no minimum. |
| West Virginia Code Sec. 61–3–12 (1966) | 1 to 10 years. |
| Wisconsin Stat.Ann. Sec. 943.10 (1958) | Maximum 10 years; no minimum. |
| Wyoming Stat. Sec. 6–129 (1959) | Maximum 14 years; no minimum. |

### III.

### STATUTES FOR SAFECRACKING, LIMITED TO THOSE INSTANCES WHERE EXPLOSIVES OR TORCHES ARE USED.

| | |
|---|---|
| California Penal Code Sec. 464 (1974) | 10 to 40 years. |
| Idaho Code Sec. 18–1405 (1948) (reenacted 1972) (explosives only) | 10 to 25 years. |
| Iowa Code Ann. Secs. 708.4, 708.6 (1950) | Maximum 40 years; no minimum. |
| Maryland Code Ann. Art. 27 Secs. 34, 35 (1976) (explosives only) | Maximum 40 years; no minimum. |
| Mississippi Code Ann. Sec. 97–17–37 (1973) (explosives only) | 5 to 40 years. |
| Nebraska Rev.Stat. Sec. 28–537 (1975) | No maximum; minimum 20 years. |
| Nevada Rev.Stat. Sec. 205.075 (1973) (explosives only) | 1 to 20 years. |
| New Jersey Stat.Ann. Sec. 2A:94–2 (1969) (explosives only) | Maximum 40 years; no minimum. |
| Oklahoma Stat.Ann. Ch. 21 Sec. 1441 (1958) (explosives only) | 20 to 50 years. |
| Tennessee Code Ann. Sec. 39–906 (1975) (explosives only) | 25 to 40 years. |
| Wisconsin Stat.Ann. Sec. 943.10 (1958) | Maximum 20 years; no minimum. |
| Wyoming Stat. Sec. 6–129 (1959) | 5 to 50 years. |

---

| | |
|---|---|
| Connecticut Gen.Stat.Ann. Sec. 53–79 (1960) (explosives only) (*repealed* 1971) | Maximum 30 years; no minimum. |
| Maine Rev.Stat. Tit. 17 Sec. 752 (1965) (explosives only) (*repealed* 1976) | 20 to 40 years. |
| South Dakota Compiled Laws Secs. 22–32–6, 22–32–7, 22–32–10 (Supp.1976) (*repealed* 1977) | 5 to 15 years. |
| Texas Penal Code Ann. Sec. 1398 (1974) (*repealed* 1974) | Maximum life; minimum 5 years. |

## IV.

### STATUTES BY WHICH SAFECRACKING BY MEANS OF EXPLOSIVES WOULD BE PUNISHED AS BREAKING AND ENTERING WHILE ARMED WITH A DEADLY WEAPON OR WITH EXPLOSIVES.

| | |
|---|---|
| Colorado Rev.Stat. Sec. 18–4–202 (1973) | 5 to 40 years. |
| Delaware Code Ann. Ch. 11 Sec. 825 (1975) | 2 to 20 years. |
| Florida Stat.Ann. Sec. 810.02 (1976) | Maximum life imprisonment; no minimum. |
| Indiana Code Secs. 35–43–2–1, 35–50–2–6 (1975) | 2 to 8 years. |
| Kentucky Rev.Stat. Vol. 16 Secs. 511.020, 532.060 (1973) | 10 to 20 years. |
| Maine Rev.Stat. Tit. 17–A Secs. 401, 1252 (1965) | Maximum 10 years; no minimum. |
| Missouri Stat.Ann. Secs. 560.100, 560.105 (1953) | 10 to 25 years. |
| Montana Rev.Code Sec. 94–6–204 (1969) | Maximum 40 years; no minimum. |
| New Hampshire Rev.Stat.Ann. Secs. 635.1, 651.2 (1974) | Maximum 15 years; no minimum. |
| New Mexico Stat.Ann. Secs. 40A–16–4, 40A–29–3 (1972) | 10 to 50 years. |
| New York Consol.Laws Ann. Penal Law Secs. 140.25, 70.00 (1975) | Maximum 15 years; no minimum. |
| North Dakota Century Code Secs. 12.1–22–02, 12.1–32–01 (1976) | Maximum 10 years; no minimum. |
| Oregon Rev.Stat. Secs. 164.225, 161.605 (1975) | Maximum 20 years; no minimum. |
| South Dakota Compiled Laws Sec. 22–32–1 (1977) | Maximum 25 years; no minimum. |
| Texas Penal Code Ann. Secs. 30.02, 12.32 (1974) | 5 years to life (or 99 years). |
| Utah Code Ann. Secs. 76–6–202, 76–3–203 (1953) | Maximum life; minimum 5 years. |
| Virginia Code Secs. 18.2–10, 18.2–91 (1975) | Maximum life; minimum 20 years. |

## APPENDIX B

### TRANSCRIPT OF SENTENCING PROCEEDING

(WHEREUPON, the Jury left the Court Room)

THE COURT: Mr. Pender, what do you have to say for your client?

(WHEREUPON, Mr. Pender made an oral argument on punishment to the Court)

THE COURT: Stand up a minute. This shows that on the 22nd of July, 1959 you got 5 to 10 years for Breaking and Entering and Larceny, is that right?

DEFENDANT: No, sir.

THE COURT: What's wrong about it?

A. (By Defendant) I didn't get 5 to 10 years for that Breaking and Entering. I got 2 to 3 years.

THE COURT: Oh, that was in '61 you got 2 to 3 years.

A. That was for putting cross-ties on the railroad. Me and another guy put cross-ties on the railroad track.

THE COURT: Then in 1960 for larceny, it doesn't show, well, released to the Juvenile Court. That was in Southern Pines. Escape from Leonard something Training School. You went down to Training School in Moore County?

A. Yes, sir.

THE COURT: How long did you stay there?

A. About nine months.

THE COURT: In Winston-Salem in '61, larceny of auto, two Storebreaking, Larceny and Receiving, what happened to you there?

A. They dropped the charges.

THE COURT: Well, you got 2 to 3 years in 1961 for Breaking, Entering and Larceny, is that right?

A. Yes, sir.

THE COURT: Greensboro—malicious damage to property, no disposition shown and then you got up in Hacken-Sack, New Jersey and got in trouble up there and forfeited a Hundred Dollar cash bond, is that right?

A. Yes, sir.

THE COURT: And then you got down to South Carolina and you got five years for Housebreaking and Larceny, is that right?

A. Yes.

THE COURT: Then in Columbia in '67, Loafing and Loitering, $15.50 or 15 days in jail. Which one did you take?

A. I took the jail sentence.

THE COURT: You took the 15 days?

A. Yes, sir.

THE COURT: Then in Columbia, South Carolina, larceny of auto, escaping City gang, and they released you to the Newberry County, South Carolina authorities where you got 21 years for Armed Robbery and you escaped from prison on that. On September 21, 1967 you entered Columbia State Prison in Columbia for 21 years. When did you escape?

A. In December of last year.

THE COURT: Where were you serving your sentence?

A. At the State Pen.

THE COURT: In Columbia?

A. Yes.

THE COURT: And you came up here in Charlotte?

A. Yes.

THE COURT: Now, you didn't turn over that safe by yourself did you?

A. I didn't commit the crime.

THE COURT: You committed the crime, the Jury has said so. So, you are guilty now. The Jury has already said so. Did you turn that safe over by yourself?

A. I didn't commit the crime.

THE COURT: Who was with you?

A. I didn't commit the crime.

THE COURT: Anything else you want to say?

A. No, sir.

THE COURT: Case No. 68–CR–7309—JOHNNY MACK THACKER—IT IS THE JUDGMENT OF THE COURT that the defendant be confined in the State Prison in Raleigh, North Carolina for not less than forty eight (48) nor more than fifty (50) years. He's in your custody, Sheriff.