**John D. BUNNER, Petitioner,**

v.

**William R. WHYTE, Superintendent of West Virginia State Medium Security Prison at Huttonsville, West Virginia, and John C. Browning, Attorney General of the State of West Virginia, Respondents.**

Civ. A. No. 80–0091–E.

United States District Court,
N. D. West Virginia,
Elkins Division.

Jan. 12, 1981.

---

Clark Frame, Morgantown, W. Va., for petitioner.

Chauncey H. Browning, Atty. Gen., Charleston, W. Va., for respondents.

## OPINION

MAXWELL, Chief Judge.

Petitioner John D. Bunner was convicted in the Circuit Court of Mineral County on May 18, 1979 upon his plea of guilty on two felony counts of receiving stolen property. On August 20, 1979, Petitioner was sentenced to imprisonment for two consecutive terms, each being West Virginia's statutorily mandated sentence of not less than one year nor more than ten years. Petitioner, after having exhausted his remedies in the state courts, seeks federal habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254.

Petitioner attacks neither the convictions nor the conditions under which the pleas of guilty were entered. Instead, Petitioner asserts that the sentencing proceedings were in violation of the federal constitution and that he was denied due process of law.

Specifically, Petitioner urges error in (1) the participation in the sentencing proceedings by the Assistant Prosecuting Attorney who allegedly evidenced a personal bias and interest in the case due to his status as one of the victims of the criminal acts of Petitioner, and, (2) that the format of the sentencing proceedings was confusing and unfair, in part due to the fact that four defendants, charged with separate, but related, crimes and by separate indictments, were sentenced at one hearing.

The state trial court's sentencing procedure was essentially a public hearing as to the four defendants. Testimony was given by victims, law enforcement officers, and by the defendants and their character witnesses. Each witness was asked for his opinion as to the proper punishment for the defendants. Initially, attorneys representing the defendants objected to the state trial court considering the sentences for all four defendants at one hearing. The court overruled the objection. Various witnesses took the stand and, also over objection, testimony was elicited not only regarding the circumstances of the crimes of which the defendants were convicted, but also other matters, including events which could be considered by some as speculative in nature.

An objection to the participation in the sentencing proceedings by the Assistant Prosecuting Attorney, believed to be a victim, was made at an early stage of the hearing. The Assistant Prosecuting Attorney responded that "[w]e are all victims one way or another" and advised the court that some building items had been stolen from his house as it was being constructed. This interest in the case was subsequently particularized when one of the defendants was asked by the Assistant Prosecuting Attorney if he had observed door screens belonging to the Assistant Prosecuting Attorney at Petitioner's place of business. The Assistant Prosecuting Attorney, during the examination of the witnesses, indicated his belief that defendants were involved in an organized theft scheme, with Petitioner supplying the market for the stolen items.

At the conclusion of the hearing, the Assistant Prosecuting Attorney submitted the State's recommendation that Petitioner be given two consecutive sentences of not less than one nor more than ten years. He asserted "that Mr. Bunner was, whether he admits it or not, the person who supplied the market for all these other individuals to sell their goods to. And I place that as organized crime in my own mind."

■ Petitioner urges that the sentencing procedure, as a whole was fatally unfair and seeks federal habeas corpus relief. Only errors which reach constitutional proportions are cognizable under 28 U.S.C. § 2254. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960).

Moreover, due to the inherent, and appropriate, subjectivity of a trial court's sentencing process, alleged prosecutorial errors are difficult, at best, to isolate so as to demonstrate a meaningful prejudice. Further, the presumption of objectivity, as well as the propriety of a court, in the sentencing process, must be given paramount importance under the facts of this sentencing proceeding. Normally, it is only when *no* discretion is exercised that a sentence will be set aside. *U. S. v. Bowser*, 497 F.2d 1017, 1020 (4th Cir. 1974) *cert. denied*, 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974).

Petitioner points out in his petition and accompanying memorandum that not only were all four defendants sentenced at one time, but members of the community and victims were called upon to testify concerning other crimes and to express views on the form, length and location of a suitable place of incarceration.

While the rules of evidence, designed to closely confine trial on the issue of guilt or innocence to the relevant issues, may have precluded such testimony, the function of a sentencing hearing can properly be expanded to encompass information which will assist the sentencing judge. There, of course, exist statutes which define the offense and specify possible punishments. These serve to provide the parameters within which the sentencing judge must function. His real task is

> to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.

*Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949).

Every sentence imposed in a criminal case is the result of numerous factors. The weight given to each of the factors is the heavy responsibility of the sentencing judge. Here, given the facts and the controlling state statutes, the role of the federal court in reviewing the complained of sentences imposed by the state court judge is very limited.

The general rule, as stated in *Stevens v. Warden*, 382 F.2d 429, 433 (4th Cir. 1967), *cert. denied*, 390 U.S. 1031, 88 S.Ct. 1423, 20 L.Ed.2d 288 (1968), is that "the federal courts have no right to review any sentence of a state court which does not exceed the statutory maximum sentence which may be imposed under the laws of the state." In *Stevens*, the petitioner, who had no history of violent offenses, was sentenced to twenty years imprisonment for armed robbery involving forty-seven dollars. While the reviewing court found that such "injudicial harshness cries out for a remedy to right it," the court was powerless to grant any relief. 382 F.2d at 433. Here, as in *Stevens*, the sentence imposed is a proper and permissible sentence under West Virginia statutes. W.Va.Code §§ 61–3–13, –18 (1977 Replacement Vol. and Cum.Supp.1980).

Particular note is made by Petitioner that the Assistant Prosecuting Attorney participated in the sentencing proceedings, representing the state; that in addition to his presence in an official capacity, he was also an apparent victim of certain of the offenses laid to Petitioner.

Usually, in the maintenance of prosecutorial objectivity, when confronted with such circumstances the official steps aside and

the state is thereupon represented by one without an immediate interest. Such withdrawal occurs virtually without fail when the proceedings are directed toward the resolution of the issues of guilt or innocence. Here, that threshold question had been concluded with Petitioner's pleas of guilty.

The sole issue to be determined was whether the Petitioner would receive sentences less severe than the mandatory indeterminate sentences. The mandatory sentence for each of the two counts to which Petitioner entered his plea of guilty was not less than one year, nor more than ten years. West Virginia Code §§ 61–3–13, –18 (1977 Replacement Vol. and Cum.Supp.1980). It is further apparent that unless the sentencing court sees fit to order such sentences to be served concurrently, the statute (W.Va. Code § 61–11–21) requires that the same be served consecutively. The latter event was the result visited upon Petitioner. Of course, probation, suspended sentence and other alternatives were possible and probably hoped for by Petitioner.

However, the crux issue raised by Petitioner is whether the representations of the Assistant Prosecuting Attorney swayed or influenced the court in its judgment involving Petitioner. There is nothing in the record that in any way establishes or suggests that the state court abdicated its responsibility in the process of sentencing Petitioner.

The state Court judge had before him a large quantity of information concerning the offense, the defendant's record and character. There is nothing in the record even suggestive that the state Court acted other than in keeping with the highest standards of judicial conduct. Presentence reports were prepared and reviewed by the sentencing judge.

This court should not usurp that Court's conclusions, and must recognize the presumption of regularity of that Court's action, confident that credible and pertinent facts were considered. The allegations of irregularities in the sentencing proceedings do not amount to a denial of due process of law.

An order will follow denying the petition seeking a writ of habeas corpus.