808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tobias ASHLEY, Defendant-Appellant.
 No. 86-7215.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 17, 1986.
Decided Dec. 31, 1986.
 
 Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Tobias Ashley, appellant pro se.
 Joseph Sedwick Sollers, III, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Tobias Ashley appeals from the denial of his Fed.R.Crim.P. 35 motion for reduction of sentence. Ashley made the motion in a timely manner after this Court affirmed his conviction and sentence. United States v. Ashley, No. 84-5229 (4th Cir., Feb. 6, 1986) (unpublished). Ashley raises the question of whether it was improper for a judge other than the trial and sentencing judge to rule upon his Rule 35 motion.
 
 
 2
 Rule 35 of the Federal Rules of Criminal Procedure, which authorizes motions to correct sentences, does not explicitly require that the sentencing judge rule upon the motion. But by analogy to Rule 4(a) of the rules governing 28 U.S.C. Sec. 2255 proceedings, "that is the orderly procedure, and every court that has considered the question has agreed that Rule 35 motions should be directed to the sentencing judge." United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir.1982) (citing United States v. Fernandez, 589 F.2d 977 (9th Cir.1978), cert. denied, 442 U.S. 911 (1979)). Exceptions have been made where the sentencing judge has died, United States v. Dobson, 609 F.2d 840, 843 n. 1 (5th Cir.), cert. denied, 446 U.S. 955 (1980), or retired, see Tully v. Scheu, 637 F.2d 917, 919 (3rd Cir.1980) (considering New Jersey procedure), cert. denied, 454 U.S. 854 (1981).
 
 
 3
 The adverse consequence of having a different judge reconsider the original sentence when not necessary would be the absence of the "intimate insight into the circumstances of the defendant's crime, which may prove uniquely useful in determining," and reconsidering, "the sentence to be imposed." United States v. Robin, 553 F.2d 8, 11 (2d Cir.1977). See also United States v. Arnett, 628 F.2d 1162, 1165-66 (9th Cir.1979).
 
 
 4
 A sentencing judge "may draw on varied sources for information that will assist him in determining appropriate punishment." United States v. Powell, 487 F.2d 325, 328 (4th Cir.1973). Rule 35 is designed to permit a defendant to marshal facts to alter the judge's view if the defendant believes the judge had an erroneous view of the facts at the time of sentencing. Although we do not ordinarily review the sentencing procedure, "we are empowered to '... ascertain whether there has indeed been an exercise of discretion.' " United States v. Bowser, 497 F.2d 1017, 1020 (4th Cir.) (quoting United States v. Wilson, 450 F.2d 495, 498 (4th Cir.1971), cert. denied, 419 U.S. 857 (1974).
 
 
 5
 Neither a transcript nor any other record of Ashley's sentencing proceeding in Judge Northrop's court was ever prepared. Judge Howard's order denying Ashley's Rule 35 motion does not establish the foundation upon which he meaningfully exercised discretion in reviewing the factors Judge Northrop considered when imposing sentence. Because "misinformation or an unfounded assumption concerning [material facts considered at sentencing] is sufficient to render the sentencing procedure invalid," we believe it is prudent to vacate Judge Howard's denial of Ashley's Rule 35 motion to afford Judge Northrop the opportunity to reconsider Ashley's sentence. Powell, 487 F.2d at 328; see also Bowser, 497 F.2d at 1020. Judge Northrop will be free to reconsider Ashley's sentence as he may think just and proper, "for the final sentencing decision is his and not ours." Bowser, 497 F.2d at 1020.
 
 
 6
 We dispense with oral argument because the facts and legal issues are adequately developed in the record and oral argument would not significantly aid the decisional process.
 
 
 7
 ORDER VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS.