**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4267

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

HARVEY DELTON MINTZ, a/k/a Tinker,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Terrence W. Boyle, District Judge.  (7:05-cr-00130)

Submitted:  February 12, 2008          Decided:  March 6, 2008

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and William L. OSTEEN, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvey Delton Mintz pled guilty to conspiring to possess with intent to distribute and to distribute cocaine and cocaine base, and he was sentenced to 180 months of imprisonment. Mintz now appeals his sentence. For the following reason, we vacate the sentence and remand this case for further proceedings.

Based on a calculated total offense level of 25 and criminal history category of III, Mintz's advisory guideline imprisonment range was 70-87 months. The district court adopted this calculation without objection. From this range, the government moved for an upward departure pursuant to U.S.S.G. § 4A1.3 and argued that Mintz should be sentenced as a de facto career offender. Mintz opposed this motion. As noted, the district court ultimately sentenced Mintz to a term of 180 months. On appeal the parties contend that the district court fashioned the 180-month sentence by (1) granting the government's motion and departing upward to a range of 188-235 months and (2) then varying downward from that range to 180 months.

Viewing the case in this light, the parties have framed and argued the primary appellate issue as being the propriety of the purported upward departure. However, notwithstanding the parties' arguments, we believe that the record actually appears to establish that the district court did not depart upward but, instead, varied

2

upward.[1]  For example, after hearing from the parties during the sentencing hearing, the district court stated:

> It's my conclusion that the Government's motion for an upward departure to a career offender status is – that if a departure were going to be the basis of sentencing, then the career offender status guideline of 188 to 235 months would be a valid departure.  But I think a variance would be better advised in terms of the overall circumstances of this case, and so I am going to sentence the defendant to 180 months which is slightly below the departure level, but consistent with what I believe to be the sentencing purposes and all of the facts in this case.

J.A. 59.  From this statement, the district court apparently rejected the government's upward departure motion, finding an upward variance to be more appropriate.  Reading this language in this manner is consistent with several provisions of the district court's "Statement of Reasons" section of the Judgment.  In that section, the district court listed the advisory guidelines range (before departure) as 70-87 months and checked the box indicating that it "imposed a sentence outside the advisory sentencing guideline system."  J.A. 116-17.  However, the district court did not check the box that denoted a departure from the advisory range,

---

[1]A departure and a variance are different sentencing options, United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (noting distinction between a departure and variance), and "[t]he permissible factors justifying traditional departures differ from – and are more limited than – the factors a court may look to in order to justify a . . . variance."  United States v. Hampton, 441 F.3d 284, 288 n.2 (4th Cir. 2006).

and it likewise did not complete the accompanying section that requires an explanation for a departure. J.A. 117.

Unfortunately, at the conclusion of the Statement of Reasons section, the district court was somewhat contradictory, explaining "the facts justifying a sentence outside the advisory guideline system" as follows:

> The Court concluded that the Government's sealed motion for upward departure is valid and the defendant is sentenced as a career offender which changed the dft's TOL to 31; CHC of VI and Guideline range of 188 to 235 mos. However, a variance to a sentence of 180 mos. is an (sic) approp. based on the facts of the case.

J.A. 118. This language indicates that the district court may have granted the government's motion, departed upward, and then varied downward. The parties rely on this language in making their appellate arguments.

Based on this record, we believe the best course of action is to vacate the sentence and remand this case to the district court in order to allow it to clarify the specific reason and justification for the sentence imposed, and to enter a new Judgment reflecting the clarification.[2]

VACATED AND REMANDED

---

[2]We note that the Sentencing Commission has recently amended the sentencing guidelines to modify the penalties for crack cocaine offenses. Nothing in this opinion shall preclude the district court from applying the amendment, if applicable, to Mintz's sentence.