[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15102
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 96-00079-CR-T-24TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN WILSON,
a.k.a. Clinton Edwards,
a.k.a. Kevin Edwards,
a.k.a. Keevie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 16, 2009)

Before EDMONDSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Kevin Wilson, a federal prisoner convicted of a crack cocaine offense, appeals the district court's determination that it lacked authority to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines because Wilson had been sentenced as a career offender.[1]  No reversible error has been shown; we affirm.[2]

When a sentencing guideline is amended and given retroactive effect, the district court may reduce an already incarcerated defendant's term of imprisonment under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, unauthorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp.

_____

[1]Wilson did not file a formal section 3582(c)(2) motion.  Instead, on the promulgation of Amendment 706, the district court sua sponte appointed counsel for Wilson and ordered responses about his potential eligibility for a sentence reduction under section 3582(c)(2).

[2]We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding.  United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

Here, the district court committed no error in denying Wilson a sentence reduction under section 3582(c)(2) and Amendment 706: because Wilson was designated a career offender at his original sentencing, his offense level was based on U.S.S.G. § 4B1.1, not on the drug quantity table in section 2D1.1(c).  And we have concluded that a crack cocaine defendant, like Wilson, who was sentenced as a career offender under section 4B1.1 is ineligible for a section 3582(c)(2) sentence reduction based on Amendment 706.  United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009) (concluding that, because defendants' final offense levels were not based on section 2D1.1, their sentences were not "based on a sentencing range that ha[d] subsequently been lowered").

Wilson argues that Moore recognized an exception for defendants, like himself, who were designated as career offenders but received downward departures pursuant to U.S.S.G. § 4A1.3(b)(1) for overrepresented criminal history.  But Wilson's section 4A1.3(b)(1) downward departure applied only to his criminal history category, not to his offense level.  Nothing indicates that the court did not sentence Wilson as a career offender.  Thus, any possible exception discussed in

3

<u>Moore</u> would not apply.  <u>See</u> <u>Moore</u>, 541 F.3d at 1329-30.[3]

The district court concluded correctly that it lacked the authority to reduce

Wilson's sentence under section 3582(c)(2).

AFFIRMED.

---

[3]We note our doubts about whether <u>Moore</u> created an exception to the general rule that defendants sentenced as career offenders are ineligible for a sentence reduction under Amendment 706.  <u>Moore</u> simply distinguished two out-of-circuit district court cases where defendants who qualified as career offenders and received section 4A1.3(b)(1) downward departures did receive sentence reductions under Amendment 706.  But these defendants also had their offense levels reduced, unlike the defendants in <u>Moore</u>.  <u>See</u> <u>id.</u>