DUNCAN, Circuit Judge,
dissenting:
I must respectfully dissent from the majority’s holding in this case. Contrary to its conclusions, 18 U.S.C. § 3582(c)(2) does not authorize a sentence reduction here because Amendment 706 to the United States Sentencing Guidelines “does not have the effect of lowering the defendant’s applicable guideline range.” U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (2009) [hereinafter “USSG”].* Appellant Raeford Munn’s applicable guideline range of 262-327 months would not have been lowered by Amendment 706 because his total offense level of 34 was calculated independently from USSG § 2D1.1(c), the only section changed by Amendment 706. See USSG Supp. to App. C, amend. 706 (2007). Even though the district court downwardly departed from that range under USSG §§ 4A1.3 and 5K1.1, and even assuming that the court considered section *196 2D1.1(c) when calculating this departure, still Munn’s applicable guideline range of 262-327 months from which the court departed would not have been lowered by Amendment 706. I must therefore respectfully dissent.
The majority reaches a different conclusion by reasoning that the district court could not have departed from Munn’s applicable guideline range of 262-327 months because USSG § 4A1.3 precedes Chapter 5, where Munn’s applicable guideline range was finally determined. In doing so, the majority misinterprets both USSG §§ 4A1.3 and 1B1.1. Captioned “Application Instructions,” section 1B1.1 provides that courts are to apply the provisions of the Manual in the following order:
(a) Determine, pursuant to § IB 1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See § 1B1.2.
(b) Determine the base offense level and apply any appropriate specific offense characteristics, cross references, and special instructions contained in the particular guideline in Chapter Two in the order listed.
(c) Apply the adjustments as appropriate related to victim, role, and obstruction of justice from Parts A, B, and C of Chapter Three.
(f) Determine the defendant’s criminal history category as specified in Part A of Chapter Four. Determine from Part B of Chapter Four any other applicable adjustments.
(g) Determine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history category determined above.
(h) For the particular guideline range, determine from Parts B through G of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution.
(i)Refer to Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and to any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence.
USSG § 1B1.1 (2000). Because these instructions mention Part A of Chapter 4 before Part A of Chapter 5, the majority concludes that “the Application Instructions direct a sentencing court to make any Overrepresentation Departure [under USSG § 4A1.3] before calculating the applicable guideline range.” Maj. Op. at 192. I believe this interpretation to be incorrect for two reasons.
First, USSG § 4A1.3 itself belies the majority’s conclusion. Captioned “Adequacy of Criminal History Category (Policy Statement),” that section in the 2000 edition provides: “If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant’s past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.” USSG § 4A1.3 (2000) (emphasis added). This language clearly assumes that section 4A1.3 should be applied while determining what sentence to impose after having calculated the applicable guideline range, and not while determining the criminal history category before having calculated the applicable guideline range. The contrary interpretation, illogically, gives the sentencing court no applicable guideline range from which to depart.
Second, USSG § 1B1.1 does not support the majority’s conclusion. Subsection (f) of that section does not state, “Apply Part *197 A of Chapter 4,” but rather, “Determine the defendant’s criminal history category as specified in Part A of Chapter Four.” USSG § lBl.l(f). Given the language quoted above, USSG § 4A1.3 does not involve calculating a criminal history category but instead involves imposing a particular sentence. Thus, subsection (f) does not in fact require applying USSG § 4A1.3 before proceeding to Chapter 5. Instead, the relevant instruction does not come until subsection (i), which provides: “Refer to ... any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence.” USSG § 1B1.1(i). Thus, given the language of USSG §§ 1B1.1 and 4A1.3, I would find that the Commission did not intend for the court to grant an Over-representation Departure before determining the applicable guideline range.
I would affirm for these reasons alone. However, even assuming that the majority correctly interpreted the guidelines, this case should still be remanded for the district court to clarify whether Munn’s sentence was based on USSG § 2D1.1(c), the only section changed by Amendment 706. See, e.g., United States v. Sidella, 469 F.2d 1079, 1081 (4th Cir.1972) (remanding the sentence for clarification); United States v. Mintz, 276 Fed.Appx. 334, 336 (4th Cir.2008) (same). The majority assumes that Munn’s sentence was based on USSG § 2D1.1(c) because (1) the district court chose to depart 60 months from the bottom of the career offender range (262-327 months), and because (2) the resulting sentence (202 months) fit squarely within what otherwise would have been Munn’s applicable guideline range (188-235 months). Yet, when determining the extent of departure under USSG § 4A1.3, the district court could easily have considered a different criminal history category and/or offense level rather than the base offense level provided under section 2D1.1(c). See USSG § 4A1.3 (“In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable.”). For example, the district court could have departed from criminal history category VI to criminal history category of III and still reached the same guideline range of 188-235 months. If it had done so, Munn’s sentence would not be based on USSG § 2D1.1(c). Cf United States v. Wilson, 344 Fed.Appx. 559, 560 (11th Cir.2009). Given the ambiguous record before us, we should simply decline to assume that Munn’s sentence was based on USSG § 2D1.1(c) and instead, remand the matter to afford the district court the opportunity to clarify the bases of its sentencing decisions.
Because I do not believe that the guidelines, read either textually or holistically, support the majority’s interpretation, and because even if that were not the case the record does not support the assumptions it makes about the district court’s conclusions, I must respectfully dissent.

 Under 18 U.S.C. § 3582(c)(2), the district court may reduce a sentence based on Amendment 706 only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” 18 U.S.C. § 3585(c)(2). The applicable policy statement provides: "A reduction in the defendant’s term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... [Amendment 706] does not have the effect of lowering the defendant's applicable guideline range.” USSG § 1B1.10(a)(2).